# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALMA J. McCRORY-DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-00623-SEB-TAB |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Granting Motion for Judgment on the Pleadings

The plaintiff has not opposed the defendant's motion for judgment on the pleadings and the deadline for her to have done so has expired.

Having thus considered the pleadings and the unopposed motion for judgment on the pleadings, the court finds that the motion for judgment on the pleadings [19] must be granted. This conclusion rests on the following facts and circumstances:

1. The plaintiff alleges employment discrimination in her complaint. The State of Indiana, the plaintiff's former employer, seeks judgment on the pleadings pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure.* The standard for a deciding a motion for judgment on the pleadings pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure* is the same as for motions to dismiss under Rule 12(b)(6) for failure to state a claim. *See Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 798 (7th Cir. 2004). To survive dismissal, a complaint must state a claim for relief that is plausible on its face*. Bissessur v. Indiana Univ. Bd. of Trs.,* 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* at 603. Additionally, "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006).

2. As to the specific claims here, the court's analysis is as follows:

   a. Any claim for age discrimination is barred by Indiana's Eleventh Amendment immunity. *Kimel v. Florida Board of Regents,* 528 U.S. 62

(2000). (finding that the Age Discrimination in Employment Act was not appropriate legislation to enforce section five of the Fourteenth Amendment and therefore did not abrogate the states' sovereign immunity); *Gore v. Indiana University*, 416 F.3d 590, 592 (7th Cir. 2005).

b. Title VII of the Civil Rights Act of 1964 makes a hostile work environment actionable. For sexual harassment to be actionable, a plaintiff must prove conduct that is so severe or pervasive as to alter the conditions of her employment and create an abusive working environment. *E.E.O.C. v. Management Hospitality of Racine, Inc.,* 2012 WL 37112, *5 (7th Cir. Jan 9, 2012). In determining whether the harassment rises to this level, a court considers the totality of the circumstances, including the "'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Gentry v. Expert Packaging Co.,* 238 F.3d 842, 850 (7th Cir.2001) (quoting *Harris v. Forklift Sys., Inc.* 510 U.S. 17, 23 (1993)). The complaint in this instance lacks sufficient factual content relative to a claim of a hostile work environment to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

c. The State of Indiana adds, persuasively, that there is no legally adequate claim for defamation. To the extent that any such claim could be though included in the complaint, the State of Indiana is entitled to judgment in its favor.

3. The plaintiff's failure to respond to the motion to dismiss risked an adverse ruling. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). That risk has become a reality.

The State of Indiana's motion for judgment on the pleadings [19] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/23/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana